UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Vicki Kaiser, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:24-cv-00786-MAL |
| St. Luke's Episcopal-Presbyterian Hospitals, Inc., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Kaiser's Opposed Motion for Conditional Certification of Fair Labor Standards Act (FLSA) Collective Action (Doc. 33). For the reasons set forth below, the Court **DENIES** Conditional Certification.

**I.    Facts and Background**

According to Kaiser's Complaint,[1] she began working for St. Luke's Episcopal-Presbyterian Hospitals, Inc ("St. Luke's") as a registered nurse in February 2017 (Doc. 10 ¶¶ 15, 22). St. Luke's employs nurses and technicians who receive hourly pay. *Id*. at ¶ 23. According to Kaiser, St. Luke's originally had a policy of automatically deducting thirty-minute meal breaks from direct patient care employees' paychecks (Doc. 34), though the employee could cancel the meal break subject to departmental approval (Doc. 34-3 at 27:5–8). Later, St. Luke's implemented an attestation policy, where employees could override the automatic meal break deduction when clocking out if they worked during their meal break. *Id*. at 23:8–24.

Kaiser sued St. Luke's under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, alleging that St. Luke's violated FLSA by not paying her for meal periods during which there was a possibility she could be interrupted and asked to provide patient care (Doc. 10 ¶¶ 2, 3). On

---

[1] At this stage, the court decides whether to conditionally certify a class based on evidence proffered by the plaintiff, *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) (affidavits); *Haworth v. New Prime, Inc*., 448 F.Supp.3d 1060, 1069 (W.D. Mo. 2020) (depositions), but the Court does not make credibility determinations or findings of fact with respect to contradictory evidence. *Lindsay v. Wells Fargo Advisors, LLC*, 2013 WL 943736, at *4 (E.D. Mo. Mar. 11, 2013).

1

March 25, 2025, Kaiser moved to certify a class of nurses and technicians pursuant to 29 U.S.C § 216(b) (Doc. 33).

## II.     Legal Standard

FLSA § 216(b) provides that an employee may bring an action for himself and other employees "similarly situated."  29 U.S.C. § 216(b); *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014); *Kautsch v. Premier Comm'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007).  A § 216(b) collective action differs significantly from Fed. R. Civ. P. 23 class actions. *Bouaphakeo*, 765 F.3d at 796; *Kautsch*, 504 F. Supp. 2d at 688.  The primary difference between the two is that, under § 216(b), a similarly situated employee must opt *in* to the collective action to be bound by the proceeding's outcome whereas, under Rule 23, a similarly situated plaintiff must opt *out* to avoid being similarly bound.  *Kautsch*, 504 F. Supp. 2d at 688.  "The sole consequence of conditional certification is the sending of court-approved written notice to employees," "who in turn become parties to a collective action only by filing written consent with the court."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013); *see also Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 499 (2016).  The decision to create an opt-in class under § 216 remains soundly within the discretion of the district court.  *Bouaphakeo*, 765 F.3d at 796.

The Eighth Circuit has not given guidance about how to manage FLSA collective actions in the pretrial phase.  *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1066 (W.D. Mo. 2020). But many federal courts, including circuit courts and district courts, use a two-step procedure to do so.  *See Kautsch*, 504 F. Supp. 2d at 688 (collecting cases); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).  First, the court must determine whether to send out notice to alleged "similarly situated" employees so that those employees may opt in, if they wish. *Kautsch*, 504 F. Supp. 2d at 688.  Second, at the "merits stage," the defendant may move to decertify the class after the opt-in period has closed and discovery is complete.  *Bilskey v. Bluff City Ice, Inc.*, 2014 WL 320568, at *2 (E.D. Mo. Jan. 29, 2014); *Peck v. Mercy Health*, 2022 WL 17961184, at *2 (E.D. Mo. Dec. 27, 2022).  Here, we are at the first step of the process.

According to the Eighth Circuit, "[p]laintiffs may be similarly situated" under FLSA "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  *Bouaphakeo*, 765 F.3d at 796 (internal quotation marks omitted).  At this first step of the process, the court does not reach the merits of the plaintiff's claims.  *Getchman v. Pyramid Consulting, Inc.*, 2017 WL 713034, *4

(E.D. Mo. Feb. 23, 2017). Rather, the plaintiff must "substantially allege" that the putative class members were together the victims of a single decision, policy, or plan that violated FLSA. *Id*. "Substantially allege" means that the plaintiff proposing a class must make a "modest factual showing…that the proposed class members were victims of a single decision, policy, or plan" that violated FLSA. *Kautsch*, 504 F. Supp. 2d at 689. While "[t]his is a lenient standard, [] the plaintiff nevertheless bears the burden, and 'more than mere allegations' are required." *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1019 (S.D. Iowa 2016). In other words, a plaintiff must marshal evidence, such as "detailed allegations supported by affidavits" or deposition testimony. *Benton v. Labels Direct, Inc.*, 2014 WL 4659640, at *8 (E.D. Mo. Sept. 17, 2014). *See Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) (affidavits); *Haworth*, 448 F.Supp.3d at 1069 (depositions). Unsupported assertions or assertions not based on personal knowledge are insufficient to meet the "substantial allegations" standard. *Cupp v. MHM Profs., LLC*, 2024 WL 549974, at *2 (E.D. Mo. Feb. 12, 2024); *see also Littlefield*, 679 F. Supp. at 1017 ("The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.").

### III.     Discussion

Kaiser claims that the class meets the standard for conditional certification. St. Luke's disagrees, arguing, among other things, that St. Luke's alleged practices do not violate FLSA. For the reasons stated below, this Court agrees that the evidence proffered by Kaiser does not support finding a FLSA violation. Therefore, this Court denies the motion to conditionally certify a class.

Kaiser says that St. Luke's requires direct patient care employees to respond to patient needs that arise regardless of whether they are on the floor or on a meal break, meaning that "each and every meal break 'provided' to nurses and technicians was subject to interruption." (Doc. 34, p. 7). Kaiser argues that being subject to interruption, even if an interruption does not occur, violates FLSA because nurses and technicians are continuously responsible for their patients. But the mere fact that employees have uncompensated meal breaks during which they could be interrupted is not an FLSA violation.

The Eighth Circuit has already determined that it is "unrealistic" for an employer to compensate employees for meal periods during which the employee was relieved of all duties except being on-call to respond to emergencies. *Henson v. Pulaski Cnty. Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993). Like many other circuits, the Eighth Circuit has adopted the "for-the-

3

benefit-of-the-employer" standard for determining whether work must be paid or not.  *Id*.  This standard is flexible and "allows courts to consider different factors depending on the nature of the business involved."  *Id*.  "Whether an employee is entitled to mealtime compensation depends on whether the meal period as a whole was spent 'predominantly for the benefit of the employer' or whether the employee was able to use the meal period effectively for his or her own purposes.'" *Guyton v. Tyson Foods, Inc*., 767 F.3d 754, 763 (8th Cir. 2014) (*quoting Lopez v. Tyson Foods, Inc*., 690 F.3d 869, 880 (8th Cir. 2012)).

Other circuit courts applying the predominant benefit test have determined that FLSA does not require employers to completely relieve employees of their duties during unpaid meal breaks. *See Babcock v. Butler Cnty*., 806 F.3d 153 (3d Cir. 2015) (employer did not violate FLSA by not paying their employees for part of break where employees must stay in uniform, remain in close proximity to emergency response equipment, remain on call to respond to emergencies, and must stay on-campus unless given permission to leave); *Akpeneye v. United States*, 990 F.3d 1373, 1384 (Fed. Cir. 2021) ("[T]he mere fact that Plaintiffs had ongoing security duties during their breaks does not, in and of itself, transform them into standby employees who were hired to wait or render their meal breaks primarily for the government's benefit."); *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1347 (11th Cir. 1994) ("The [employer] undoubtedly benefits from the restrictions it imposes on the plaintiffs' meal breaks, but the fact that the [employer] benefits from the restrictions does not mean the plaintiffs' meal breaks are predominantly for the [employer's] benefit.").

Kaiser argues that "St. Luke's requires these employees to perform inactive duties during their meal periods, which are for Defendant's predominant benefit." (Doc. 34, p. 7).  But Kaiser does not explain how meal breaks subject to potential interruption for patient emergencies are primarily for the employer's benefit.  In fact, Eighth Circuit precedent suggests otherwise.  In *Henson*, the Court held that police officers may or may not have been spending their meal breaks predominantly for the employer's benefit when they could not leave campus without supervisor permission, and even then, they could only go to their cars or across the street to a fast food restaurant to pick up an order to bring back, and they had to respond to emergency calls, which as a general matter occurred once a week.  6 F.3d at 536.  Here, there is even less evidence than this.  There is no evidence that St. Luke's required nurses and technicians to stay on-campus or in a particular place.  There is no evidence that nurses and technicians had to request permission to leave campus or to go to their cars.  There is no evidence about how often nurses and technicians

were called away from meal breaks to serve patients.  At most, Kaiser proffers deposition testimony that nurses and technicians could theoretically be called off a meal break for a patient *emergency* or urgent matter.  (Doc. 34-1 at 22:2–23:11).  Without more, this does not demonstrate that the meal break is primarily for the benefit of St. Luke's.

Kaiser points to *Cupp v. MHM Health Pros., LLC*, No. 4:23-CV-00071-SRC, 2024 WL 549974 (E.D. Mo. Feb. 12, 2024), as an instance in which a court in this district ruled the other way for medical personnel.  But *Cupp* has different facts.  In *Cupp*, the plaintiff proffered evidence that the employer actually made its employees work through unpaid meal breaks by "car[ing] for [their] patients at all times" and "respond[ing] to the needs of [their] patients and other co-workers at all times during [their] shifts." *Id*. at *4.  Kaiser proffers no evidence of that here.  As discussed, the mere possibility of being called on for a patient emergency does not transform employees' meal breaks into work time.  *Cupp* is also different than this case because, in *Cupp*, "Plaintiffs allege that [the employer] automatically deducted pay for meal breaks while simultaneously failing to relieve them of their duties, knowingly leaving them to work straight through their shifts without a break and without appropriate compensation." *Id*. at *3.  Kaiser does not introduce evidence of similar circumstances here and instead offers evidence that there were methods for employees to receive compensation for meal breaks during which they worked.

### IV.   Conclusion

This Court **DENIES** Plaintiff Kaiser's Motion for Conditional Certification of FLSA Collective Action (Doc. 33).

Dated this 10th day of December, 2025.

*Maria A. Lanahan*

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

5